John D. Bennett, S.
In this accounting proceeding, one of the two legatees under decedent’s will has filed objections. Pursuant thereto she has brought on a motion for partial summary judgment on the issue whether the 1970 automobile must be included as an asset of the estate or whether her brother, the other legatee, is .entitled to the automobile under EPTL 5-3.1.
Decedent died in 1970, survived ,by bis divorced wife and two children. On the date of death, his daughter had already attained her majority and her brother was still a minor, being 20 years old. Under the terms of the decedent’s will he left his entire estate to his two children. The daughter contends that the automobile should be included as part of the estate *860 and not be considered a family exemption pursuant to EPTL 5-3.1. The facts are uncontradicted. The decedent’s marriage to his spouse was terminated by a decree of divorce from the State of Alabama on May 28, 1958 and there was no provision for child support pursuant to this decree.
EPTL 5-3.1 states: “If a ¡person dies, leaving a surviving spouse or minor children, the following items of property are not assets of the estate but vest in, and shall be set off to such surviving spouse, unless he is disqualified, under 5-1.2, from taking an elective or distributive share of the decedent’s estate. In case there is no surviving spouse or such spouse, if surviving, is disqualified, such items of property vest in, and shall be set off to the decedent’s minor children: * * * (3) * * * one motor vehicle ”.
The attorney for the objectant through his memorandum of law states that the statute does not come into operation until a “family ” is established and shown. Under section 200 of the former ¡Surrogate’s Court Act (the predecessor to EPTL 5-3.1), the exempt property was only set aside in case of decedent’s “ having a family ”. EPTL 5-3.1 is purposely worded in terms of a “ surviving spouse or minor children ” so as to avoid the myriad questions involved in whether a decedent was survived by a “ family ” (9A Rohan, N. Y. Civ. Prac., par. 5-3.1 [1]).
Accordingly the court finds that there is no triable issue of fact here concerning the family exemption in that as the intent of the new statute is to make it clear that the only .requirement need be that there be a surviving spouse or minor child. Therefore, the son, satisfying the requirements of EPTL 5-3.1, is entitled to the automobile as a family exemption.
The motion for partial summary judgment is granted in favor of the son dismissing the objection of the daughter (CPLR 3212, subd. [b]).